**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Marco SANCHEZ–FERNANDEZ, aka Marcos Fernandes Sanchez, aka Marcos Sanchez–Fernandez, aka Rene Sanchez–Flores, Defendant–Appellant.**

No. 15–10291

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted September 13, 2016 San Francisco, California

Filed September 28, 2016

Ryan P. DeJoe, Assistant U.S. Attorney, Tucson, AZ.

Mark F. Willimann, The Law Office of Mark F. Willimann, LLC, Tucson, AZ.

Before: W. FLETCHER, CHRISTEN, and FRIEDLAND, Circuit Judges.

MEMORANDUM *

Marco Sanchez–Fernandez appeals from his sentence for illegal reentry, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

The district court concluded that Sanchez–Fernandez's prior conviction for possession of narcotics for sale in violation of Arizona Revised Statute § 13–3408(A)(2) was a "drug trafficking offense" under United States Sentencing Guidelines

* This disposition is not appropriate for publication and is not precedent except as provided

(U.S.S.G.) § 2L1.2(b)(1)(A)(i), and applied a 16-level enhancement. That Arizona statute is not a categorical match with the federal generic definition because it criminalizes possession for sale of certain substances that are not federally controlled. *See Mellouli v. Lynch,* —— U.S. ——, 135 S.Ct. 1980, 1990–91, 192 L.Ed.2d 60 (2015); *see also United States v. Leal–Vega,* 680 F.3d 1160, 1167 (9th Cir. 2012) (holding that a California statute criminalizing possession or purchase of non-federally controlled substances was categorically broader than the definition of "drug trafficking offense" under U.S.S.G. § 2L1.2). When Sanchez–Fernandez was sentenced, neither the district court nor the parties had the benefit of *Mathis v. United States,* —— U.S. ——, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016). Because an Arizona jury would not be required to find which narcotic drug a defendant possessed to render a conviction for § 13–3408(A)(2), *see* Rev. Ariz. Jury Instructions (Criminal), 34.082 (3d ed.), the statute is indivisible. *See Mathis,* 136 S.Ct. at 2256–57; *Lopez–Valencia v. Lynch,* 798 F.3d 863, 869 (9th Cir. 2015). The district court—not having been put on notice of the issue by an objection on this ground—committed plain error by applying a sentencing enhancement based on Sanchez–Fernandez's conviction under this statute. *See Mathis,* 136 S.Ct. at 2257. We reverse the sentence imposed by the district court and remand for resentencing without the enhancement. We need not reach Sanchez–Fernandez's other arguments in light of our reversal on this ground.

**REVERSED and REMANDED.**

by Ninth Circuit Rule 36–3.